## Speed &c. vs. Braxdell.

'Appeal from the Mercer Circuit; WM. L. KELLY, Judge.

*Pleading. Former decisions. Estoppel. Evidence.*

Judge OWSLEY delivered the Opinion of the Court.

At the trial of the general issue in an action of ejectment brought by Speed against Braxdell, the former recovered a *verdict and judgment* for the land in contest, the title to which was claimed by Speed, under a patent from the commonwealth of Virginia to John Early, for 1,400 hundred acres, and the possession of which was then held by Braxdell, under a junior patent, for 1000 acres that issued to him. The judgment was appealed from by Braxdell, and was afterwards affirmed by this court.

Braxdell's
bill on his
entry.

Braxdell then brought his bill in equity against Speed, in which he set up and relied upon the entry and survey, under which the patent to him issued, as conferring on him the superior equity to the land,

and praying that Speed might be decreed to surrender to him his legal title, &c.

· Speed· answered, contesting the equity set up by Braxdell, and alleging, that notwithstanding Braxdell was possessed of the land at the time the ejectment was commenced against him, his possession had been obtained but recently before that suit was brought, and was then acquired by tortiously entering upon the possession, which he, Speed, and those under whom he claimed, had occupied and enjoyed for upwards of twenty years; and relying upon the lapse of time, insisted, that after such a length of possession, no relief should be given in a court of equity to Braxdell, even were the entry under which he claimed a valid one, &c.

On hearing, the court of original jurisdiction dismissed Braxdell's bill.

And the cause was brought to this court by appeal. By the decision of this court, the decree of the court below was affirmed, assigning in that decision, as a reason for the affirmance, that the evidence contained in the record proved Speed and those under whom he claimed had been possessed of the land adversely for upwards of twenty years, as alleged by him in his answer.

After this, possession of the land was delivered to Speed by the sheriff, under a writ of *habere facias*, which issued upon the judgment recovered by him in the ejectment, and Ripperden was put into the possession under a contract with Speed for the purchase of the land.

Braxdell then caused a declaration in ejectment for the same land to be served upon Ripperden, who, together with Speed, appeared in court, confessed the lease, entry, and ouster, in the declaration supposed, had themselves made defendants and pleaded, the general issue.

The record also states, that they pleaded a special plea, which was demurred to by Braxdell, and the demurrer was sustained by the court. But there is nothing in the record which enables us with certain-

SPEED &c.
vs.
BRAXDELL.

Speed's answer, relying on the 20 years adverse possession, under his grant, prior to the ouster on which he recovered in the ejectment.

Decree of the circuit court affirmed here.

Possession obtained by Speed under the judgment in ejectment.

Action of ejectment by Braxdell.

Entry of a special plea.

SPEED &c.
vs.
BRAXDELL.

ty to know what plea was intended to be filed as the special plea, to which Braxdell demurred, and which was adjudged bad by the court. In making out the record, the clerk has copied two pleas which are of a special character, and which he states to be the pleas in addition to the general issue which was filed in the cause; but there is no entry upon the order book of but one special plea being filed, and which of those copied by the clerk is the one that was filed and demurred to, the record furnishes no precise or certain information.

Matter of two special pleas found in the transcript of the record.

It is, however, a matter of no consequence, whether the one or the other of the pleas which are copied by the clerk, was the one adjudged bad by the court, because neither, in our opinion, can be admitted to contain matter available by plea in bar of the action.

The object of the first of those pleas is to rely upon the judgment recovered by Speed in the ejectment, which he brought against Braxdell for the same land, in bar of this action; and the object of the other plea is to rely upon the decree which was pronounced by the court of original jurisdiction, and afterwards affirmed by this court in the suit in chancery which was brought by Braxdell against Speed, to obtain a conveyance of Speed's title in bar of this action.

We have barely given the object of those pleas, without adverting to their allegations at length, because, waiving objections as to their form, and admitting each to contain all appropriate averments, it is evident that the matter intended to be relied on, is not, in either, pleadable in bar of the action.

One judgment in ejectment is no bar to another action at common law.

That judgment in one ejectment is not, upon common law principles, conclusive between the parties, and forms no bar to another action of the same sort, between the same parties, for the same thing, is so well settled that it requires only to be mentioned to receive the universal assent of all who pretend to any knowledge of legal science, and will be assumed by us as incontrovertible, without stopping to cite authorities in support of the principle.

It is true this principle of the common law has undergone a change in this country by a recent act of assembly, but that act has no application to judgments which were rendered before its passage, and cannot therefore have any influence in deciding on the first plea, the judgment in that plea relied on having been recovered by Speed before the passage of the act. The plea must therefore, if sustained at all, be sustained upon common law principles, and we have already seen, that upon those principles, it contains no bar to the action.

The other plea, though not governed by the same rule, will be found, upon principles equally palpable, to contain no sufficient bar to the action. The decree to which that plea refers, and on which it was the object of Speed &c. to rely in bar of the present action, is no doubt conclusive between the parties on the same subject matter, and might be pleaded in bar to a suit of the same sort as that in which it was pronounced, or any other of the like nature, for the same thing, *between the same parties.* But the present action is *not of the like nature, nor is the question of right involved in each the same.* The one being a suit in chancery, in which nothing but the equitable right set up and claimed by Braxdell was involved, and the other being an action at law, in which the legal title only is drawn in question. The object of the former suit was to obtain from Speed the conveyance of the legal title, with which he was then supposed to be invested; and the object of the latter is to recover the possession of the land under the legal title which Speed was then supposed to have, but which is now claimed by Braxdell to be in him. Suits having such dissimilar objects, and involving questions of right so essentially different, cannot be denominated suits of like nature; nor can the decree which was pronounced in the former against Braxdell constitute a bar to the latter action, which has been brought by him. The judgment or decree, which is the fruit of the action or suit, can only follow the nature of the particular right claimed, and the injury complained of, and can conclude no further than the existence of the right, the injury thereto, and the compensation due for the same. A judg-

SPEED &c.
vs.
BRAXDELL.

Statute of Kentucky on this subject does not apply to judgment, rendered before its passage.

Decree dismissing a bill, brought on an entry to obtain a release of an elder grant, is not a bar to an action of ejectment by the complainant against the defendant.

SPEED &c.
vs.
BRAXDELL.

Decree dismissing a bill on an *entry*, where the defendant had relied on an *adversary* possession under his elder grant for *20 years, is* evidence in an action of ejectment, by the complainant, claiming to recover on the ground that he had held the possession for the same time: is pertinent evidence on the question of such possession, but not conclusive.

ment or decree is final for its own proper purpose and object and no further; and is conclusive upon its own subject matter only, by way of bar to future litigation for the thing thereby decided.

Having disposed of the pleas, we are next brought to consider whether or not the court below decided correctly in rejecting the record of the chancery suit, which was decided between Braxdell and Speed, from going in evidence to the jury, when offered by Speed and Ripperden, on the trial of the general issue. By the opinion of this court, which is contained in that record, the fact is assumed to have been established by the proof in the chancery suit, that Speed and *those* under whom he claimed the land, had been in the continued possession of the land for upwards of twenty years before the commencement of that suit, and it appears to have been by force of that continued possession that the decree of the court of original jurisdiction was sustained and affirmed by this court; so that, notwithstanding the chancery suit, and the present action are not of like nature, and though the questions of right involved in each are not the same, the suit in chancery was in truth decided, and the decree pronounced against Braxdell, upon the ground that the fact upon which Braxdell now relies to establish the legal title in him, was disproved in that suit, it being not under any prior grant from the commonwealth that Braxdell claims the legal title, but under a continued possession of the land by him for upwards of twenty years, during part or the whole of which time, the possession was adjudged to be in Speed, or those under whom he claims, by the opinion of this court in the chancery suit. The fact upon which Braxdell relies to prove his legal title, having been therefore decided against him in the chancery suit, it is contended on the part of Speed and Ripperden, that the decree on that fact is evidence between the parties in this case, and as such, it is insisted the court erred in rejecting the record of the chancery suit from being used in evidence. If the record be evidence, it unquestionably cannot be conclusive for the purpose it was offered. The fact of continued possession was no doubt one which from

the pleadings in the chancery suit, it became neces- Speed &c.
sary and proper to decide; and the decision on that vs.
fact is doubtless conclusive between the same parties Braxdelt.
in any other suit of the same sort, for the same sub-
ject matter. But in remarking on the pleas, we
have already seen that the subject matter of the pre-
sent action is not the same as that of the chancery
suit; nor can the decision of the fact in that suit be
conclusive between the parties in this action. "The
adjudication," says Starkie, "is offered to prove,
either, first, the same fact for the same purpose; that
is, where the same matter is again litigated in a
court of concurrent jurisdiction; or secondly, to
prove the same fact for a different or collateral pur-
pose. In the first case, the judgment is as a plea or
bar, and as evidence conclusive between the same
parties. In order, however to make such a judg-
ment operate as a conclusive bar in a civil action, it
is necessary, it seems, to plead it as an estoppel.
If a party will not rely on an estoppel when he may,
but takes issue on the fact, the jury will not be
bound by the estoppel; for they are to find the
truth of the fact." Starkie's Evi. 205. In such a
case, however, the author goes on to remark, the
judgment, though not relied on as an estoppel, may
be used as evidence, and pregnant evidence, to guide
the jury who try the second cause. But whether,
in not making the adjudication conclusive on the
same matter, when offered in evidence on the gen-
eral issue, between the same parties, for the same
purpose, Starkie is or is not correct, is not necessa-
ry for us now to decide; for be that as it may, it is
perfectly clear that when offered for a different
purpose, in a suit involving different rights, the ad-
judication is not conclusive; though if the ques-
tion of fact be the same, we apprehend it is evi-
dence to be left to the jury.

Thus it is said, it is not necessary that the former Former de-
verdict should have been found upon the same pre- cisions where
cise subject matter, provided the question be the evidence,
conclusive or
same, and between the same parties. It is laid down otherwise.
in a book of great authority, that it is not necessary
that the verdict should be in relation to the same
land, for the verdict is only set up to prove the point

in question, and every matter is evidence that a--mounts to proof of the point in question. Starkie, 1 vol. 201. It seems, however, that in such a case the verdict would not be conclusive. Bul. N. P. 232; Gil. evi. 29; referred to in 1 Starkie's evi. 201, note n.

The record ought therefore to have been admitted as evidence to the jury, not however as conclusive evidence of the fact decided, but as pertinent evidence upon which, in connexion with other evidence, the jury should ascertain and find the truth of the fact.

The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had not inconsistent with the principles of this opinion.

*Daviess* for appellants; *Crittenden* for appellee.